UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DEEP SEA AQUATICS, LLC, | § § § | |
| PLAINTIFF, | § § | |
| V. | § § | Civil Action No. _____ |
| ROLF C. HAGEN (USA) CORP., | § § § | |
| DEFENDANT. | § § | |

## ORIGINAL COMPLAINT

Plaintiff, Deep Sea Aquatics, LLC hereby files this Original Complaint requesting damages, and upon personal knowledge as to its own acts and circumstances and upon information and belief as to the facts and circumstances of others, allege as follows:

### Nature of the Action

1. On July 13, 2006, plaintiff was established as a Texas limited liability company ("Company"). Plaintiff's business is the designing, manufacturing and selling of various types/sizes of aquariums.

2. Defendant is a foreign entity which engages in, *inter alia*, the distribution of pet supplies, including aquariums.

3. In early 2009, defendant expressed to plaintiff an interest in making an equity investment in plaintiff. Thereafter, parties exchanged several communications regarding such investment.

4. On November 1, 2010, plaintiff and defendant entered into an "Operating Agreement." (A copy of this Agreement is attached hereto as "Exhibit "A" and incorporated herein

for all purposes).  The objective of this Operating Agreement was for the parties to increase each of their businesses.  To accomplish this the defendant intended to convince its dealers to purchase certain types of aquariums directly from them, while placing orders for aquariums from plaintiff, thus benefitting plaintiff.  Knowing this and prior to entering into the Operating Agreement with defendant, the plaintiff purchased a company knows as "Ocean View" which manufactured the certain types of aquariums the defendant intended to sell to its dealers.  Hagen was aware of plaintiff's purchase of Ocean View and expressed its willingness to support plaintiff in this regard which included by way of example, plaintiff becoming obligated to expand warehouse needs and related increased expenses.  In order to expand its business to meet the objective of defendant and itself, plaintiff obtained a loan from Amegy Bank.  As a result of the foregoing, defendant purchased a 30% interest in the plaintiff. Furthermore, Dan Engmark of plaintiff and Bob DeRusha[1] of defendant became the two managers and board members of the Company.

5.      The Operating Agreement states, in part, that: (i) the managers shall perform their Board duties in good faith, in a manner he reasonably believes to be in the best interests of the Plaintiff-LLC; (ii) the managers shall refrain from engaging in grossly negligent or reckless conduct, intentional conduct or a knowing violation of the law; (iii) that Board shall determine the reasonable working capital requirements of the Company to service the Company's debts, etc. incident to the Company's normal operations; and (iv) the books and records of the Company may be inspected and/or copied by any member, and the Board shall prepare and provide the members with unaudited financial statements within ninety days after the close of each fiscal year.

---

[1] In October of 2012 Mr. DeRusha resigned his position.  Despite plaintiff's numerous requests for defendant to designate a replacement, it was only until June 19, 2014 that the defendant appointed Thomas Marshall to serve on the Board.

6.     On January 21, 2011, plaintiff and defendant entered into an "Administrative Services Agreement." ("Administrative Agreement"). (A copy of this Agreement is attached hereto as "Exhibit "B" and incorporated herein for all purposes). The Administrative Agreement states, in part, that the defendant shall discharge the following duties and responsibilities: (i) financial management; (ii) administrative assistance; (iii) record keeping; and (iv) to cooperate with the plaintiff and comply with the law.

7.     Initially the Agreement was satisfactory to both parties. Defendant would place orders with plaintiff for aquariums, pay for them and the plaintiff would ship them to defendant's warehouse. Defendant's sales did not materialize as planned causing cash injections that surpassed production orders. Then in early 2012 without justification the defendant's orders to plaintiff dramatically decreased to well below defendant's commitment, all to plaintiff's damage.

8.     In 2011, defendant offered Plaintiff's President, Dan Engmark to pay plaintiff if Mr. Engmark would source a specific type of "salt" which could be used in saltwater aquariums. Plaintiff accepted this offer. Plaintiff sourced this salt through 2 different co-packers. The defendant did not pay as represented.

9.     Near the end of the calendar year 2013, plaintiff's computer software, DBA, which was controlled by the defendant, showed plaintiff's bank account had a balance of approximately $500,000.00. However, later plaintiff discovered that such bank account's balance was only approximately $12,000.00. According to plaintiff's 2013 draft tax return (which information for the return was provided by the defendant) that money was profit for that year. However, defendant manipulated plaintiff's records to show that invoices were paid, when in fact, they were only partially paid.

10.     Defendant's manipulation of computer data of the aforementioned money, caused plaintiff to default in its loan obligations to Amegy Bank and many other suppliers.

## Jurisdiction and Venue

6.     Jurisdiction over the parties and subject matter of this action is proper in this Court pursuant to 28 U.S.C. § 1332(a) (the amount in controversy exceeds $75,000.00 and the dispute is between citizens of a state and citizens of a foreign state). This Court has supplemental jurisdiction over the claims in this Complaint that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a).

7.     This Court has personal jurisdiction over the Defendants because they did business in the State of Texas.

8.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to the claims in this action occurred within this District.

## Parties

9.     Plaintiff is a Texas corporation with its principal office in Dallas County, Texas.

10.     Defendant is a foreign corporation, doing business in Texas, and can be served with process by serving its registered agent CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

## Breach of Contract

11.     Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

12.     All conditions precedent to the performance of plaintiff under the Agreements have been met, and otherwise fully performed its obligations thereunder.

13.    Plaintiff and defendant executed valid and enforceable written contracts – the Operating Agreement and the Administrative Agreement.

14.    Defendant breached the Operating Agreement by: (i) not having its manager perform the Board duties in good faith, in a manner he reasonably believes to be in the best interests of the Plaintiff; (ii) allowing its manager to refrain from engaging in grossly negligent or reckless conduct, intentional conduct or a knowing violation of the law; (iii) withdrawing plaintiff's profits which prevented plaintiff from having the necessary working capital to service the Company's debts, etc. incident to the Company's normal operations; and (iv) refusing and continuing to refuse any representative member of the plaintiff to inspect and/or copy the books and records of the Company.

15.    Defendant's breach of the Operating Agreement have caused plaintiff damages.

16.    Defendant breached the Administrative Agreement by failing to discharge the following duties and responsibilities: (i) financial management; (ii) administrative assistance; (iii) record keeping; and (iv) to cooperate with the plaintiff and comply with the law.  Here, as stated *supra*, defendant has taken action which constitutes a breach of its duties and responsibilities under the Administrative Agreement.

### Fraud & Fraud in the Inducement

1.    Plaintiff incorporates by reference the allegations set forth above as if the same were fully set forth herein.

2.    Defendant made representations (i.e. commitments) to plaintiff regarding the amount of orders for aquariums it would place with plaintiff.

3.    The representation was material to plaintiff.

4.    The representation was false.

5.      When defendant made this representation, defendant knew that it was false, or they made it recklessly, as a positive assertion, and without knowledge of their truth.

6.      The representation was made with the intent that plaintiff act on it.

7.      Plaintiff relied on the representation as, *inter alia*, they made the purchase of Ocean View, and entered into loan agreements with Amegy Bank, all in order to be able to satisfy the orders to be placed by defendant.

8.      The representation caused plaintiff damage.

### Attorney's Fees

17.     Plaintiffs incorporate by reference the allegations set forth above as if the same were fully set forth herein.

18.     Plaintiff is entitled to recover reasonable attorney fees under Tex. Civ. Prac. & Rem. Code chapter 38 because this suit is for a breach of written contracts.  Plaintiff retained counsel, who presented plaintiff's claim to defendant's agent.  Defendant did not tender the amount owed within 30 days of when the claim was presented.

### PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully pray that the Defendant be cited to appear and answer herein; and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages requested herein, together with prejudgment and post judgment interest at the maximum rate allowed by law, attorney's fees, costs of court, and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,
MARK A. ALEXANDER, P.C.


By:   /s/ Mark A. Alexander
      MARK A. ALEXANDER
      State Bar No. 01007500
      5080 Spectrum Drive, Suite 850E
      Addison, Texas  75001
      Mark@markalexanderlaw.com
      Tel. (972) 364-9700
      Fax. (972) 239-2244

      ATTORNEY FOR PLAINTIFF